UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2017 NOV -9  PM 4: 44

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:17-cr- 0221 SEB -TAB |
| v. ) | |
| ) | |
| RICHARD BERNARD GRUNDY, III, ) | CAUSE NO. 1:17-cr-        -01 |
| a/k/a White Boy, ) | |
| EZELL NEVILLE, ) | -02 |
| a/k/a Bo, ) | |
| CONWAY JEFFERSON, ) | -03 |
| a/k/a Lil C, ) | |
| GILBERTO VIZCARRA-MILLAN, ) | -04 |
| MARIO EDUADO VILLASENOR, ) | -05 |
| EMILIO MITCHELL, II, ) | -06 |
| a/k/a Loaf, ) | |
| EMILIO MITCHELL, JR., ) | -07 |
| LANCE L. HATCHER, JR., ) | -08 |
| a/k/a Mont Mont, ) | |
| THOMAS BULLOCK, ) | -09 |
| DION G. MADISON, ) | -10 |
| a/k/a D, ) | |
| FRANK S. EARLY, ) | -11 |
| FRANKIE B. RAY, ) | -12 |
| a/k/a Fresh, ) | |
| CHRISTOPHER D. BRADFORD, and ) | -13 |
| DAONA LE'ANN GHOLSTON, ) | -14 |
| ) | |
| Defendants, ) | |

## INDICTMENT

## COUNT ONE

**[Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846]**

The Grand Jury charges that:

From on or about June 3, 2017 through November 9, 2017, in the Southern District of Indiana, Indianapolis Division, and elsewhere, RICHARD BERNARD GRUNDY, III, a/k/a

1

White Boy, EZELL NEVILLE, a/k/a Bo, CONWAY JEFFERSON, a/k/a Lil C, GILBERTO VIZCARRA-MILLAN, MARIO EDUADO VILLASENOR, EMILIO MITCHELL, II, a/k/a Loaf, EMILIO MITCHELL, JR., LANCE L. HATCHER, JR., a/k/a Mont Mont, THOMAS BULLOCK, DION G. MADISON, a/k/a D, FRANK S. EARLY, and FRANKIE B. RAY did knowingly and intentionally conspire together and with other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1. The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance.

2. The distribution of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

3. The distribution of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Non-Narcotic controlled substance.

## MANNER AND MEANS

1. RICHARD BERNARD GRUNDY, III ("GRUNDY"), a resident of Indianapolis, Indiana, was the leader of a drug trafficking organization that operated in Indianapolis ("Richard Grundy Organization").

2. GRUNDY and other individuals, including EZELL NEVILLE ("NEVILLE"), CONWAY JEFFERSON ("JEFFERSON"), David Carroll ("Carroll"),[1] and other individuals pooled their money to obtain methamphetamine from sources in the Phoenix, Arizona area.

---

[1] David Carroll is not a defendant in this Indictment.

3. GILBERTO VIZCARRA-MILLAN ("VIZCARRA-MILLAN") and MARIO EDUADO VILLASENOR ("VILLASENOR"), residents of Phoenix, Arizona, provided members of the Richard Grundy Organization with methamphetamine and marijuana for distribution.

4. EMILIO MITCHELL, II, a/k/a Loaf ("EMILIO MITCHELL"), and EMILIO MITCHELL, JR. ("EMILIO MITCHELL JR.) transported methamphetamine and marijuana from Phoenix to Indianapolis for the Richard Grundy organization.

5. EMILIO MITCHELL AND EMILIO MITCHELL JR. maintained a stash location at a residence located at 3144 Island Club Court, Apartment A, in Indianapolis for the Richard Grundy Organization.

6. LANCE L. HATCHER, JR. ("HATCHER") maintained a stash location at a residence located at 4516 Riverbrook Lane in Indianapolis for the Richard Grundy Organization.

7. THOMAS BULLOCK ("BULLOCK") served as a drug runner for the Richard Grundy Organization.

8. NEVILLE, JEFFERSON, EMILIO MITCHELL, EMILIO MITCHELL JR., HATCHER, BULLOCK, DION MADISON, a/k/a D ("MADISON"), FRANK S. EARLY ("EARLY"), and FRANKIE B. RAY, a/k/a Fresh ("RAY") distributed methamphetamine, marijuana, and heroin in the Indianapolis area for the Richard Grundy Organization.

9. Throughout the conspiracy, the defendants used telephones to facilitate the drug trafficking operation. The defendants spoke on telephones using code language to discuss their drug trafficking operation.

10. Throughout the conspiracy, the defendants possessed firearms to safeguard their persons, controlled substances, and drug proceeds.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, that is to distribute controlled substances, the members of the conspiracy did commit, among others, the following overt acts:

1. On June 3, 2017, HATCHER delivered approximately one ounce of methamphetamine to RAY for redistribution.

2. Prior to August 1, 2017, GRUNDY, NEVILLE, JEFFERSON, Carroll, and other individuals pooled their money with other methamphetamine traffickers to acquire a large shipment of methamphetamine from Phoenix, Arizona. The pooled money was provided to Christopher D. Bradford ("Bradford") and Daona Le'Ann Gholston ("Gholston") to transport to Phoenix, Arizona on a Greyhound bus, where Bradford and Gholston would use the money to purchase a large quantity of methamphetamine. On August 1, 2017, law enforcement officers interdicted Bradford and Gholston on a Greyhound bus in Albuquerque, New Mexico and seized approximately $84,500 in drug proceeds.

3. Between July 26, 2017 and September 18, 2017, VIZCARRA-MILLAN delivered approximately one pound of methamphetamine and at least nineteen pounds of marijuana to EMILIO MITCHELL in the Phoenix, Arizona area. MITCHELL caused the methamphetamine and marijuana to be transported from Phoenix to Indianapolis for distribution.

4. On August 10, 2017, EMILIO MITCHELL obtained approximately one pound of methamphetamine for distribution from HATCHER at a residence located at 4516 Riverbrook Lane in Indianapolis.

5. On August 11, 2017, EMILIO MITCHELL obtained approximately one pound of methamphetamine for distribution from HATCHER.

6. On August 15, 2017, NEVILLE delivered approximately one ounce of methamphetamine to an individual known to the Grand Jury ("Individual #1") at a residence located at 2105 Medford Avenue in Indianapolis.

7. On August 15, 2017, MADISON possessed approximately two ounces of heroin for distribution at a residence located at 2105 Medford Avenue in Indianapolis.

8. On August 18, 2017, NEVILLE delivered approximately two ounces of methamphetamine and three grams of heroin to Individual #1 around Medford Avenue in Indianapolis.

9. On August 24, 2017, NEVILLE delivered approximately two ounces of methamphetamine and six grams of heroin to Individual #1 at a residence located at 2122 Medford Avenue in Indianapolis.

10. On September 7, 2017, NEVILLE delivered approximately four ounces of methamphetamine to Individual #1 inside of an apartment complex located at 3025 North Meridian Street in Indianapolis.

11. On September 13, 2017, EMILIO MITCHELL and EMILIO MITCHELL JR. possessed controlled substances at a residence located at 3144 Island Club Court, Apartment A in Indianapolis.

12. On September 13, 2017, EMILIO MITCHELL JR. agreed to sell methamphetamine to another individual.

13. On September 19, 2017, at the direction of HATCHER, BULLOCK transported methamphetamine from a residence located at 4516 Riverbrook Lane in Indianapolis to the Constitution Gardens apartment complex in Indianapolis.

14. On September 20, 2017, GRUNDY and BULLOCK possessed approximately two pounds of methamphetamine at an apartment located at 3025 North Meridian Street, Apartment 602 in Indianapolis. Both GRUNDY and BULLOCK possessed firearms at the same time as they possessed the methamphetamine.

15. On September 20, 2017, BULLOCK delivered approximately two pounds of methamphetamine to NEVILLE at an apartment located at 3025 North Meridian Street, Apartment 602 in Indianapolis.

16. On September 20, 2017, NEVILLE delivered approximately eight ounces of methamphetamine and twelve grams of heroin to Individual #1 at an apartment located at 3025 North Meridian Street, Apartment 602 in Indianapolis.

17. On September 21, 2017, VIZCARRA-MILLAN and EMILIO MITCHELL discussed the prices at which they would sell a future shipment of marijuana in Indianapolis.

18. On or about September 22, 2017, VIZCARRA-MILLAN coordinated the delivery of approximately seventy-five pounds of marijuana to EMILIO MITCHELL JR. in Phoenix, Arizona.

19. On or about September 24, 2017, VILLASENOR drove EMILIO MITCHELL JR. to the airport in Phoenix, Arizona with approximately seventy-five pounds of marijuana so that EMILIO MITCHELL JR. could fly back to Indianapolis with the marijuana.

20. On September 25, 2017, EMILIO MITCHELL JR. attempted to transport the marijuana from Phoenix to Indianapolis for distribution via American Airlines.

21. On September 25, 2017, HATCHER, BULLOCK, and two other individuals possessed morphine pills and a firearm in Cincinnati, Ohio. HATCHER also possessed approximately $6,000 in currency.

22. On October 1, 2017, at the direction of HATCHER, JEFFERSON sold approximately one-half pound of methamphetamine to another individual for $2,500.

23. On October 4, 2017, BULLOCK delivered a controlled substance to another individual at the BP gas station located at 37 38th Street in Indianapolis. BULLOCK conducted the transaction inside of a red Nissan Rogue that was rented by GRUNDY.

24. On October 5, 2017, BULLOCK and HATCHER discussed methamphetamine that BULLOCK had stored at NEVILLE's residence.

25. On October 25, 2017, MADISON delivered approximately two ounces of heroin to Individual #1 at a McDonald's restaurant located at 1611 North Meridian Street in Indianapolis.

26. On or about October 29, 2017, another individual posted a video to his Facebook account that showed himself, GRUNDY, BULLOCK, and a fourth individual with large amounts of currency in their possession.

27. On November 3, 2017, GRUNDY posted a video to his Facebook account during which he threatened to kill people who cooperated with the federal government in criminal investigations.

28. On November 3, 2017, EARLY and NEVILLE delivered approximately one ounce of methamphetamine to Individual #1 near a residence located at 2105 Medford Avenue in Indianapolis.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about August 15, 2017, within the Southern District of Indiana, Indianapolis Division, EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

**[Distribution of Controlled Substances – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about August 18, 2017, within the Southern District of Indiana, Indianapolis Division, EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute controlled substances; to-wit, NEVILLE distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, and a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

**[Distribution of Controlled Substances – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about August 24, 2017, within the Southern District of Indiana, Indianapolis Division, EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute controlled substances; to-wit, NEVILLE distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, and a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about September 7, 2017, within the Southern District of Indiana, Indianapolis Division, EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about September 20, 2017, within the Southern District of Indiana, Indianapolis Division, THOMAS BULLOCK did knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about September 20, 2017, within the Southern District of Indiana, Indianapolis Division, EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about October 25, 2017, within the Southern District of Indiana, Indianapolis Division, DION MADISON, a/k/a D, did knowingly and intentionally distribute 50 grams or

more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

**[Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]**

The Grand Jury further charges that:

On or about November 3, 2017, within the Southern District of Indiana, Indianapolis Division, FRANK S. EARLY and EZELL NEVILLE, a/k/a Bo, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

**[Conspiracy to Launder Monetary Instruments – 18 U.S.C. § 1956(h)]**

The Grand Jury further charges that:

From on or about late July 2017 through on or about August 2, 2017, in the Southern District of Indiana, Indianapolis Division, and elsewhere, RICHARD BERNARD GRUNDY, III, a/k/a White Boy, EZELL NEVILLE, a/k/a Bo, CONWAY JEFFERSON, a/k/a Lil C, CHRISTOPHER D. BRADFORD, and DAONA LE'ANN GHOLSTON, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to knowingly conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of controlled

substances, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of controlled substances, and that while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, that is to launder monetary instruments, the members of the conspiracy did commit, among others, the following overt acts:

1. Prior to August 1, 2017, RICHARD BERNARD GRUNDY, III, a/k/a White Boy, EZELL NEVILLE, a/k/a Bo, CONWAY JEFFERSON, a/k/a Lil C, David Carroll, and other individuals pooled their money with other methamphetamine traffickers to acquire a large shipment of methamphetamine from Phoenix, Arizona. The pooled money was provided to CHRISTOPHER D. BRADFORD ("BRADFORD") and DAONA LE'ANN GHOLSTON ("GHOLSTON") to transport to Phoenix, Arizona on a Greyhound bus, where BRADFORD and GHOLSTON would use the money to purchase a large quantity of methamphetamine.

2. On August 1, 2017, BRADFORD and GHOLSTON possessed approximately $84,500 in currency on a Greyhound bus in Albuquerque, New Mexico.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1. The allegations in Counts One through Ten of this Indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to

seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2. If convicted of the offenses set forth in Counts One through Ten of this Indictment, RICHARD BERNARD GRUNDY, III, a/k/a White Boy, EZELL NEVILLE, a/k/a Bo, CONWAY JEFFERSON, a/k/a Lil C, GILBERTO VIZCARRA-MILLAN, MARIO EDUADO VILLASENOR, EMILIO MITCHELL, II, a/k/a Loaf, EMILIO MITCHELL, JR., LANCE L. HATCHER, JR., a/k/a Mont Mont, THOMAS BULLOCK, DION G. MADISON, a/k/a D, FRANK S. EARLY, FRANKIE B. RAY, a/k/a Fresh, CHRISTOPHER D. BRADFORD, and DAONA LE'ANN GHOLSTON shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3. If convicted of the offenses set forth in Counts One through Ten of this Indictment, RICHARD BERNARD GRUNDY, III, a/k/a White Boy, EZELL NEVILLE, a/k/a Bo, CONWAY JEFFERSON, a/k/a Lil C, GILBERTO VIZCARRA-MILLAN, MARIO EDUADO VILLASENOR, EMILIO MITCHELL, II, a/k/a Loaf, EMILIO MITCHELL, JR., LANCE L. HATCHER, JR., a/k/a Mont Mont, THOMAS BULLOCK, DION G. MADISON, a/k/a D, FRANK S. EARLY, FRANKIE B. RAY, a/k/a Fresh, CHRISTOPHER D. BRADFORD, and DAONA LE'ANN GHOLSTON shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the offenses of which

he or she is convicted.

A TRUE BILL:

███████████████

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: *(signature)*

Bradley A. Blackington
Assistant United States Attorney